OPINION OF THE COURT
Per Curiam.
Order entered November 15, 1984 affirmed, with $10 costs.
In September 1975, respondent Lenoir/Hickory Knitting Mills, Inc., a closely held corporation, entered into a written lease for a rent-stablizied apartment at premises 425 East 58th Street, Manhattan. The lease was executed on behalf of the corporation by respondent William Schey, president of the corporation, and provided in a rider that “the apartment hereby leased is to be occupied by Mr. and Mrs. William Schey and such *482 officials of the corporation as may be so designated, for residential purposes only”. On a subsequent renewal of the original lease, a rider was included providing, in part, as follows: “As a material inducement to Landlord entering into this Lease, Tenant represents, warrants and agrees that (i) the Apartment shall be occupied at all times only by Mr. and Mrs. William Schey (the ‘Occupant’) and the immediate family of Occupant, and no one else”.
It is undisputed that respondents William Schey and Barbara Schey are the sole occupants of the subject apartment and have continuously resided therein since the inception of the tenancy in 1975. Prior to expiration of the last renewal term in December 1981, landlord commenced proceedings before the Conciliation and Appeals Board seeking permission to refuse to renew the lease on the ground of nonprimary residence. In September 1983, the agency dismissed landlord’s application “without prejudice”, declaring that it no longer had jurisdiction in nonprimary residence cases, and directed landlord to promptly initiate court action. In the holdover proceeding which followed, Civil Court granted respondents’ cross motion for summary judgment and dismissed the petition.
We affirm. As correctly noted by Judge Tompkins, the rule of Matter of Sommer v New York City Conciliation & Appeals Bd. (93 AD2d 481, affd 61 NY2d 973) is dispositive in this fact pattern. In Sommer, a nonprimary residence proceeding involving the same landlord, the same building, and the samé lease provision permitting occupancy by a named officer of a corporate tenant, as involved herein, the First Department affirmed a Conciliation and Appeals Board (CAB) determination requiring the landlord to offer the corporate tenant a renewal lease, where it was shown that the corporate official designated in the lease maintained his primary residence at the premises. The court stated (supra, p 485), in language equally applicable here, “[T]he lease expressly provided for occupancy by [the corporate president] and the members of his immediate family only * * * In sum, it was a lease which, for all practical purposes, was entered into between petitioner and [the corporate president] but which was executed by [the corporation] so that it could derive certain tax benefits and so that [the corporate president] could derive certain personal benefits. Neither consideration detracts from the reality that [the corporate president] was the ‘tenant in occupancy’ within the meaning of section 60 of the Rent Stabilization Code”.
Landlord contends that the rule enunciated in Sommer was effectively overruled by Omnibus Housing Act § 55 (L 1983, ch *483 403), which excludes from Emergency Tenant Protection Act (ETPA; L 1974, ch 576, § 4) coverage “housing accommodations which are not occupied by the tenant, not including subtenants or occupants, as his primary residence”. The statute amends ETPA § 5 (a) (former 11), which hád excluded from coverage housing units not occupied as a primary residence by the “tenant in possession”. Landlord urges that the use of the word “occupants” in the exclusionary language of section 55 reflects an intention on the part of the Legislature to establish a new test under which the primary residence of a corporate tenant would be determined by the location of its own “residence” rather than the residence of the employee or officer designated in the lease as “occupant”.
In our view, the reference in section 55 to “subtenants or occupants” of a tenant has no application to the situation where an apartment lease has been taken in the name of a corporation. Such a lease has been characterized as a fiction because the apartment can only be occupied in the first instance as a private dwelling by the corporate person for whom it was intended; in consequence, it is the primary residence of that person, the actual occupant of the apartment, that controls (Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229, 232-233, affd 61 NY2d 976). To adopt the construction urged by landlord would be to authorize the eviction of persons, such as the individual respondents here, who live full time at stabilized premises in compliance with the terms of a corporate lease, a result clearly at odds with the overriding purpose of the primary residency laws, viz., to alleviate the acute shortage of housing in New York City by returning underutilized apartments to the marketplace. Had the Legislature intended to fashion new substantive law regarding stabilized corporate tenants and their right to renewal leases, it would not have done so in the elliptical fashion attributed to it by landlord. Rather, it is more likely that the change in statutory language — i.e., from “tenant in possession” to “the tenant, not including subtenants or occupants” — was intended to accomplish a different and broader goal: to prevent individual tenants, no longer in possession, from trafficking in their apartments on the basis of the “primary residence” qualifications of “subtenants or occupants” domiciled at the premises in the tenants’ absence.
Since it is undisputed that the individual respondents William Schey and Barbara Schey maintain their primary residence at the demised premises, and have done so since 1975, *484 landlord was required to offer a renewal lease. Accordingly, Civil Court properly dismissed the holdover petition.
Dudley, P. J., Hughes and Parness, JJ., concur.